1

2

3 **IN THE UNITED STATES DISTRICT COURT**

4 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

5

6 CALIFORNIA SPORTSFISHING
PROTECTION ALLIANCE,                          CASE NO. 1:12-CV-00172-LJO-GSA
7

8                                              **SCHEDULING CONFERENCE ORDER**
            Plaintiff,
9                                              Initial Disclosure:      May 22, 2012

10                                             Expert
                                               Disclosure:              August 2, 2013
11
                                               Supplemental
12                                             Expert Disclosure:       September 27, 2013

13                                             Nonexpert
vs.                                            Discovery Cutoff:        May 31, 2013
14
                                               Expert
15                                             Discovery Cutoff:        April 25, 2014

16                                             Pretrial
                                               Motion Filing
17                                             Deadline:                June 6, 2014

18                                             Pretrial
                                               Hearing Deadline:        July 18, 2014
19
ALLIED WASTE SERVICES OF NORTH                 Settlement Conf.:        Not Set
20 AMERICA, LLC., BROWNING-FERRIS
INDUSTRIES OF CALIFORNIA, INC.,
21 AND DAN CAPENER,
                                               Pretrial Conf.:   Date: September 11, 2014
22                                                               Time:  8:15 a.m.
            Defendants.                                          Dept:  4(LJO)
23
                                               Jury Trial:       Date:  November 4, 2014
24 _____/        (5-8 days est.)   Time:  8:30 a.m.
                                                                 Dept.: 4 (LJO)
25

26      This Court conduced scheduling conference on May 8, 2012. Counsel Robert Tuerck appeared

27 telephonically on behalf of Plaintiff California Sportsfishing Protection Alliance. Counsel Tom Bruen

28 appeared telephonically on behalf of Defendants Allied Waste Services of North America, LLC.,

1

1  Browning-Ferris Industries of California, INC., and Dan Capener.  Pursuant to F.R.Civ.P. 16(b), this

2  Court sets a schedule for this action.

3

4  **1.      Amendment To The Parties' Pleadings**

5       Any amendments to the pleadings shall be filed on or before June 22, 2012.

6  **2.      Consent To Magistrate Judge**

7       Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings

8  in this case, including trial, before the Honorable Gary S. Austin, United States Magistrate Judge.

9  Due to this Court's heavy caseload, the parties are encouraged to consent to conducting further

10  proceedings by a United States Magistrate Judge.

11  **3.      F.R.Civ.P. 26(a)(1) Initial Disclosures**

12       The parties shall exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) no later than

13  **May 22, 2012.**

14  **4.      Discovery Cutoffs And Limits**

15       All non-expert discovery shall be completed no later than **May 31, 2013** Initial expert witness

16  disclosures by any party shall be served no later than **August 2, 2013.**  Supplemental expert witness

17  disclosures by any party shall be served no later than **September 27, 2013.**  Such disclosures must be

18  made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder.

19  In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating

20  to expert witnesses and their opinions.  Each expert witness must be  prepared fully to be examined on

21  all subjects and opinions included in the designations.  Failure to comply with these requirements will

22  result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other

23  evidence offered through the expert witness.  In particular, this Court will enforce preclusion of

24  testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.  All expert discovery shall

25  be completed no later than **April 25, 2014.**

26  **5.      Pretrial Motion Schedule**

27       All pretrial motions, both dispositive and nondispositive shall be served <u>and filed</u> no later than

28  **June 6, 2014,** and shall be set before the appropriate judge for a hearing to be conducted no later than

1  **July 18, 2014.**

2       Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin,

3  United States Magistrate Judge, in Courtroom 10.  In scheduling such motions, the parties shall comply

4  with Local Rule 230.  Counsel must comply with Local Rule 251 with respect to discovery disputes or

5  the motion will be denied without prejudice and dropped from calendar.  In scheduling such motions,

6  Judge Austin may grant applications for an order shortening time pursuant to Local Rule 6.  However,

7  if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule

8  251.  In addition to filing a joint statement electronically, a copy of the joint statement should also be sent

9  Judge Austin's chambers by email to gsaorders@caed.uscourts.gov.

10      The parties are advised that unless prior leave of the Court is obtained, all moving and opposition

11 briefs or legal memorandum in civil cases before Judge Austin shall not exceed thirty (30) pages. Reply

12 briefs by the moving party shall not exceed ten (10) pages.  These page limitations do not include

13 exhibits.  Briefs that exceed this page limitation, or are sought to be filed without leave, may not be

14 considered by the Court.

15      Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing

16 a written request to so do is made to Judge Austin's Clerk no later than five (5) court days before the

17 noticed hearing date.  In the event that more than one party requests to appear by telephone, it shall be

18 the obligation of the moving part(ies) to arrange and originate a conference call to the court.

19      All Dispositive Pre-Trial Motions will be heard in Courtroom 4 before the Honorable Lawrence

20 O'Neill, United States District Court Judge.  In scheduling such motions, the parties shall comply with

21 Local Rules 230 and 260.

22      **Motions for Summary Judgment or Summary Adjudication**

23      Prior to filing a motion for summary judgment or motion for summary adjudication the parties

24 are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the

25 motion.

26      The purpose of meeting shall be to : 1) avoid filing motions for summary judgment where a

27 question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole

28 or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues

1  for review by the court; 5) explore the possibility of settlement before the parties incur the expense of

2  briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

3        The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed

4  facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of

5  undisputed facts.

6        In the notice of motion, the moving party shall certify that the parties have met and conferred as

7  ordered above and set forth a statement of good cause for the failure to meet and confer.

8  **6.      Settlement Conference**

9        A Settlement Conference has not been scheduled.  The parties are advised to contact the court if

10  they determine that a settlement conference would be beneficial.

11        Consideration of settlement is a serious matter that requires thorough preparation prior to the

12  settlement conference.  Provided below are the procedures this Court will employ when conducting a

13  settlement conference.

14        A.  Required Pre-Settlement Conference Communications

15        A settlement conference is more likely to be productive if the parties have exchanged written

16  settlement proposals in advance of the conference.  Accordingly, at least twenty-one (21) calendar days

17  prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and

18  a good faith *settlement demand* to defendant's counsel with a brief explanation of why the demand is

19  appropriate.  Thereafter, but no later than seven (7) calendar days prior to the settlement conference,

20  defendant's counsel shall submit a good faith written *offer* to plaintiff's counsel with a brief explanation

21  of why the offer is appropriate.

22        On occasion, this process will lead directly to a settlement.  If settlement is not achieved,

23  plaintiff's counsel shall deliver or fax copies of all settlement proposals along with his/her *Confidential*

24  *Settlement Conference Statement* to chambers.  Copies of these documents are not to be filed on the court

25  docket.

26        B.  Confidential Settlement Conference Statement

27        At least four (4) calendar days prior to the settlement conference, the parties shall submit

28  the *Confidential Settlement Conference Statement* to Judge Austin's chambers via

1  gsaorders@caed.uscourts.gov.  This statement  shall include the following:

2          1.      A list of all elements of each cause of action or affirmative defense pled

3  in the party's respective complaint or answer;

4          2.      A brief statement identifying those facts that support each cause of action

5  or affirmative defense;

6          3.      A description outlining the factual and legal contentions upon which the

7  parties agree or disagree;

8          4.      A description identifying the impediments to settlement, including

9  financial, emotional or legal concerns;

10          5.      A summary of the settlement attempts to date;

11          6.      A statement of the specific relief sought; and

12          7.      A statement identifying any third party (i.e., lien holder, etc.) with a legal

13  interest in this action.

14          C.  Attendance

15          The attorneys who will try the case shall appear at the settlement conference accompanied

16  by the named parties and all persons having authority to negotiate the settlement.[1]  If appropriate,

17  the principal representative shall have approval to settle the action on the terms consistent with

18  the opposing party's most recent demand.

19          D.  Mediation Format

20          A mediation format will be employed during the settlement conference.  The lawyers, the

21  parties, and all representatives must be fully prepared and will be expected to participate.  The

22  Court encourages all participants to be flexible and to reassess their previous positions, as well

23  as put to forth their best efforts toward reaching a mutually agreeable settlement.

24          E.  Duty of Counsel to Set the Settlement Conference Date

25

26

27          [1]Insurance carriers, business organizations, and governmental agencies whose settlement agreements are subject to
approval by legislative bodies, executive committees, boards of directors, et cetera, shall be represented by a person or
persons who occupy high executive positions in the party organization and who will be directly involved in the process of

28  approval of any settlement offers or agreements.

1      Counsel shall contact Courtroom Deputy Amanda Bradley to set a settlement conference

2 when all parties agree that participation would be effective, but preferably not later than sixty

3 (60) days after the close of discovery.

4      F.  Statements Inadmissible

5      The Court expects full and candid participation during the settlement conference.  With

6 this in mind, statements made by any party or attorney during the settlement conference are not

7 to be used in discovery and will not be admissible at trial.

8      G.  Sanctions

9      Failure to follow this procedure will result in removal of the settlement conference from

10 the Court's calendar and may result in additional sanctions.

11 **7.  Pretrial Conference**

12      This Court sets a pretrial conference for **September 11, 2014, at 8:15 a.m.** in Courtroom

13 4 and will be heard before District Court Judge Lawrence O'Neill.  The parties are directed to

14 file a joint pretrial statement which complies with the requirements of this Court's Local Rule

15 281.  In addition, the joint pretrial statement should include a brief factual summary and an

16 agreed upon neutral statement of the case.  An additional copy of the joint pretrial statement,

17 carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall

18 be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

19      The parties' attention is directed to this Court's Local Rules 281 and 282.  This Court

20 will insist upon strict compliance with those rules.

21      At the pretrial conference, the Court will set deadlines, among others, to file motions in

22 limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

23 **8.  Trial Date**

24      A five to eight day jury trial is set for **November 4, 2014, at 8:30 a.m.** in Courtroom

25 4 before District Court Judge Lawrence O'Neill.  The parties have not requested bifurcation.

26 **9.  Effect Of This Order**

27      This order represents the best estimate of the Court and parties as to the agenda most

28 suitable to dispose of this case.  If the parties determine at any time that the schedule outlined

1  in this order cannot be met, the parties are ordered to notify the Court immediately of that fact

2  so that adjustments may be made, either by stipulation or by subsequent status conference.

3  Stipulations extending the deadlines contained herein will not be considered unless they are

4  accompanied by affidavits or declarations with

5  attached exhibits, where appropriate, which establish good cause for granting the relief

6  requested.

7       Failure to comply with this order shall result in the imposition of sanctions.

8

9  **IT IS SO ORDERED.**

10  **Dated:    May 8, 2012**                **/s/ Gary S. Austin**
                                          **UNITED STATES MAGISTRATE JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28